UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEMINI MASTER FUND, LTD and BLACK MOUNTAIN EQUITIES, INC.<br><br>Plaintiff,<br><br>-against-<br><br>OXYSURE SYSTEMS, INC.<br>(*aka* OXYSURE THERAPEUTICS, INC.)<br><br>Defendant. | Civ. No.<br><br><br>**COMPLAINT** |

Plaintiffs Gemini Master Fund, Ltd. ("Gemini") and Black Mountain Equities, Inc.

("BME" and collectively "Plaintiffs"), by their attorneys, Olshan Frome Wolosky LLP, for their

Complaint allege as follows:

INTRODUCTION

1.      On November 25, 2015, Plaintiff Gemini made a cashless exercise of a warrant

issued by Defendant OxySure Systems, Inc. ("OxySure") by properly delivering an Exercise

Notice to OxySure. Pursuant to the Exercise Notice, Gemini was entitled to 2,563,724 shares of

OxySure common stock. The warrant requires delivery within three trading days of exercise.

Without justification or cause, OxySure has refused to honor the Exercise Notice, refusing to

deliver a single share to Plaintiff Gemini.

2.      On December 4, 2014, Plaintiff BME made a cashless exercise of a warrant

issued by OxySure by properly delivering an Exercise Notice to OxySure. Pursuant to the

Exercise Notice, BME is entitled to 1,921,733 shares of OxySure common stock. The warrant

requires delivery within three days of exercise. Without justification or cause, OxySure has

repudiated its obligations under the warrant and stated its intention not to deliver the shares to which BME is entitled.

## JURISDICTION

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (3) because this is an action between citizens of different States in which a citizen of a foreign State is an additional party and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) because the Court has personal jurisdiction over the Defendant. The Warrants issued by OxySure provide in pertinent part: "ANY ACTION BROUGHT CONCERNING THE TRANSACTIONS CONTEMPLATED BY THIS WARRANT SHALL BE BROUGHT ONLY IN THE STATE COURTS OF NEW YORK OR IN THE FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK; PROVIDED, HOWEVER, THAT THE HOLDER MAY CHOOSE TO WAIVE THIS PROVISION AND BRING AN ACTION OUTSIDE THE STATE OF NEW YORK."

## THE PARTIES

5.     Plaintiff Gemini is a Cayman Islands corporation with its principal office in George Town, Grand Cayman, Cayman Island. It is managed by an investment advisor with an office in Encinitas, California. Gemini is an investment fund that invests in public and private companies and other assets.

6.     Plaintiff BME is a California corporation with its principal place of business in San Diego, California. BME is an investment fund that invests in public and private companies and real estate.

3498675-2

7.      Defendant OxySure Systems, Inc. *aka* OxySure Therapeutics, Inc. is a Delaware Corporation with its principal place of business in Frisco, Texas. Its shares are registered with the SEC and trade under the symbol "OXYS."

## FACTUAL BACKGROUND

### The Agreements

8.      Defendant OxySure entered into a Securities Purchase Agreement (the "SPA") with each plaintiff in May 2015, pursuant to the terms of which each Plaintiff purchased a Convertible Note and Common Stock Purchase Warrant (the "Warrant"). The SPAs entered into by each Plaintiff contained substantially identical terms. The Warrants issued by Defendant to each Plaintiff also contained substantially identical terms.

9.      Pursuant to Section 5(g) of the SPA, Defendant covenanted and agreed "not to enter into any financing transactions that contain a conversion price that changes daily or varies based on the current market price of the common stock (a 'Variable Rate Transaction')."

10.      On July 7, 2015, OxySure announced the closing of a $3 million financing that included the issuance of preferred shares convertible into common stock at a 35% discount to the market price of common stock at the time of conversion. As a result, OxySure became obligated to issue to the preferred shareholders OxySure common stock at a 35% discount to the publicly traded price. The preferred shares were sold subject to a further discount, a 10% original issue discount to their face value. This issuance undeniably constituted a Variable Rate Transaction in breach of the SPA.

### The Warrants

11.      The Warrants at issue entitle Plaintiff s to purchase a maximum number of shares at a given "Exercise Price." Under Section 6 of the Warrants, the Exercise Price is subject to adjustments based on, *inter alia*, issuances of common stock or "common stock equivalents" by

3

OxySure subsequent to the issuance of the Warrants for a price less than the Exercise Price of the

Warrants. These sales are referred to as "Dilutive Issuances." The Warrants further provide that

upon a Dilutive Issuance:

> [T]he Exercise Price shall be reduced to such lower Dilutive
> Issuance price and the number of Warrant Shares issuable
> hereunder shall be increased such that the Aggregate Exercise
> Price Payable hereunder, after taking into account the decrease in
> the Exercise Price, shall be equal to the Aggregate Exercise Price
> Prior to such adjustment.

12.     With regards to Variable Rate Transactions, Section 6 of the Warrants explicitly

states that "[i]f the Company enters into a Variable Rate Transaction, despite the prohibition set

forth in the Purchase Agreement, the Company *shall be deemed* to have issued Common Stock

or Common Stock Equivalents at the *lowest possible conversion price* at which such securities

may be converted or exercised." (emphasis added)

13.     When Defendant entered into the Variable Rate Transaction in July 2015, the

Warrants held by Plaintiffs became exercisable at the lowest possible conversion price of the

preferred holders.

14.     Under Section 3.6(c) of the Warrants, the holder can purchase shares through a

"cashless exercise" by delivering to OxySure a "properly endorsed Exercise Notice." Any holder

who delivered such a notice was entitled to receive a certain number of shares as specified by a

formula described in Section 3.6(c).

15.     Section 3.1 of the Warrants gave OxySure three trading days from, *inter alia*,

delivery of the Exercise Notice, in which to transmit the purchased shares to the warrant holder.

16.     Section 3.3 of the Warrants states that the obligation of OxySure to deliver shares

purchased upon exercise of the Warrants is absolute:

> The Company's obligations to issue and deliver the shares of
> Common Stock purchased upon exercise of this Warrant upon

4

3498675-2

exercise of this Warrant in accordance with the terms hereof are absolute and unconditional, irrespective of any action or inaction by the holder to enforce the same, any waiver or consent with respect to any provision hereof, the recovery of any judgment against any person or any action to enforce the same, or any setoff, counterclaim, recoupment, limitation or termination, or any breach or alleged breach by the holder or any other person of any obligation to the Company or any violation or alleged violation of law by the holder or any other person, and irrespective of any other circumstance which might otherwise limit such obligation of the Company to the Holder in connection with the issuance of such shares of Common Stock purchased upon exercise of this Warrant; provided, however, that such delivery shall not operate as a waiver by the Company of any such action the Company may have against the holder.

17.     Section 3.3 of the Warrants also provides for liquidated damages to be assessed against OxySure for each Trading Day past the Delivery Date that shares are due under the Warrants and not delivered, and further that the warrant holder may also recover his actual loss.

Plaintiff Gemini Exercises Its Warrants

18.     On November 25, 2015, Gemini delivered a properly endorsed Exercise Notice stating that it wished to exercise on a cashless basis all of its respective Warrants. The Exercise Price was $0.1067, an exercise price afforded the holders of the preferred shares. Based on that Exercise Price and the cashless stock exercise formula in the Warrants, Gemini was entitled to receive 2,567,724 shares of OxySure common stock.

19.     Having delivered the Exercise Notice on November 25, the Warrant Share Delivery Date, therefore, was December 1.

20.     OxySure acknowledged receipt of the Exercise Notice. But it did not deliver the warrant shares to Gemini on December 1 as it was obligated to do. Instead, OxySure has refused to deliver a single share of its common stock to Gemini, even the shares due under its own analysis of the Warrant. The shares due to Gemini had a market value of at least $640,000, based on the closing price for OxySure shares on December 2, 2015, $0.25 per share.

Defendant Repudiates Its Obligations to BME

21.     On December 4, 2015, BME delivered a properly endorsed Exercise Notice stating that it wished to exercise on a cashless basis all of its respective Warrants. The Exercise Price, subject to the adjustments in value as a result of the Dilutive Issuance, was $0.1067. Based on that Exercise Price and the cashless stock exercise formula in the Warrants, BME is entitled to receive 1,921,733 shares of OxySure common stock.

22.     Having delivered the Exercise Notice on December 4, the Warrant Share Delivery Date, therefore, is December 9.

23.     OxySure has made clear that it will not timely deliver any shares. Given Defendant's clear repudiation of its obligations under the Warrant issued to BME, BME has no expectation of receiving the shares to which it is entitled.

AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract Asserted by Gemini – Relief Sought: Specific Performance)

24.     Gemini restates the allegations in paragraphs 1 through 25 above.

25.     Gemini fulfilled its obligations under the Warrant it was issued by Defendant.

26.     Defendant breached the Warrant issued to Plaintiff Gemini by refusing to honor the Gemini's Exercise Notice and refusing to deliver the shares to which Gemini is entitled under the Warrant.

27.     Gemini has no adequate remedy at law.

28.     Accordingly, Plaintiff Gemini is entitled to an order requiring Defendant to perform its obligations under the Warrant and deliver immediately at least 2,567,724 free-trading shares of OxySure common stock, or such other amount as the Court deems proper.

AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract Asserted by BME – Relief Sought: Specific Performance)

29.     BME restates the allegations in paragraphs 1 through 25 above.

3498675-2

30. BME fulfilled its obligations under the Warrant it was issued by Defendant.

31. Defendant breached the Warrant issued to BME by repudiating its obligations

thereunder and refusing to deliver the shares to which BME is entitled under the Warrant.

32. BME has no adequate remedy at law.

33. Accordingly, Plaintiff BME is entitled to an order requiring Defendant to perform

its obligations under the Warrant and deliver immediately at least 1,921,733 free-trading shares

of OxySure common stock or such other amount as the Court deems proper.

AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract Asserted by Plaintiffs – Relief Sought: Damages)

34. Plaintiffs restate the allegations in paragraphs 1 through 41 above.

35. Based on the foregoing, Defendant has breached the Warrant, entitling Plaintiffs

to compensatory and liquidated damages in an amount to be determined at trial, but believed to

be in excess of $1,000,000, together with interest, attorneys' fees, and costs.

WHEREFORE, Plaintiffs prays that the Court award the following relief:

(i) On the First Cause of Action, directing OxySure to deliver to Gemini at

least 2,567,724 free-trading shares of its common stock, or such other amount as the Court

deems proper;

(ii) On the Second Cause of Action, directing OxySure to deliver to BME at

least 1,921,733 free-trading shares of its common stock, or such other amount as the Court

deems proper;

(iii) On the Third Cause of Action, for liquidated and compensatory damages

in an amount to be determined at trial, but believe to exceed $1,000,000;

(iv) On all claims for relief, interest, attorneys fees, and the costs and

disbursements of this action; and

7

(v)     An award to Plaintiffs of such other and further relief as the Court may

deem just and proper.

Dated: New York, New York
        December 7, 2015

                              OLSHAN FROME WOLOSKY LLP

By: _____

                              Thomas J. Fleming
                              Nicholas S. Hirst
                              *Attorneys for Plaintiffs Gemini Master*
                              *Fund, Ltd. and Black Mountain*
                              *Equities, Inc.*
                              Park Avenue Tower
                              65 East 55th Street
                              New York, New York 10022
                              (212) 451-2300

3498675-2