**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GEMINI MASTER FUND, LTD and | § | |
| BLACK MOUNTAIN EQUITIES, INC., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | 15-CIV-9546 (AT) |
| | § | |
| OXYSURE SYSTEMS, INC. (aka | § | |
| OXYSURE THERAPEUTICS, INC.), | § | |
| | § | |
| *Defendant*. | § | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
**MOTION TO DISMISS OR STAY IN FAVOR OF FIRST-FILED MATTER**

**STECKLER LLP**
Mazin A. Sbaiti, Esq.
New York Bar No. 4339057
12720 Hillcrest Rd.
Suite 1045
Dallas, Texas 75230
Tel: (972) 387-4040
Fax: (972) 387-4041
Mazin@stecklerLaw.com
*Counsel for Defendant*

## I.

## **INTRODUCTION**

Defendant Oxysure respectfully moves this Court to dismiss this case or transfer this matter to the already pending, first-filed matter seeking rescission in the Eastern District of Texas. The reasons are simple:

- This Court does not have personal jurisdiction over Oxysure—Oxysure does not have ongoing or continuous contacts with New York and so no general jurisdiction lies, and New York has no relationship to this dispute between a Texas company and two California lenders, thus no specific jurisdiction lies.

- If this Court determines it has personal jurisdiction, it should defer to the first-filed matter in the first instance to decide venue. Currently, whether the case may properly be brought in Texas or should be transferred to New York is the subject of a § 1404 motion pending there and its decision should be respected by this Court.

- The Texas action does not seek to enforce the agreement(s), it seeks to rescind the transaction in its entirety because it was induced by fraud, and/or is not the product of a meeting of the minds—thus, the choice of forum clause is inapplicable.

- The choice-of-forum provision in the agreement is unconscionable as written—it is unilateral and only applies to Oxysure—thus, there is no grounds on which to say that the parties have rationally consented to New York as a venue.

Plaintiffs hang their proverbial hats on the choice of forum clause. However, it is insufficient on its own to confer personal jurisdiction. This case arises between two California based plaintiffs and a Texas-based defendant. There is no nexus whatsoever to the State of New York under the long-arm statute.

Furthermore, this Case should be dismissed in favor of the pending Texas action where Plaintiffs here (defendants there) have raised the issue of venue in a motion to transfer. The first-filed rule states that the court of first-impression has the right to determine whether to dismiss or

transfer the case, and that the second-filed court should dismiss its own action out of deference to that determination.

## II.

## **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Oxysure moves to dismiss this matter for lack of personal jurisdiction. As this Court is well-aware, personal jurisdiction can only be predicated on two grounds: either general or specific.

### A. There are No Grounds for Exercising Jurisdiction Under the Long Arm Statute

Plaintiffs have alleged no grounds for the exercise of jurisdiction. This Court only has jurisdiction over Oxysure, a foreign corporation, if Oxysure's activities satisfy a prong of the New York Long-Arm Statute, N.Y. C.P.L.R. § 302. *See Aquiline Capital Partners LLC v. FinArch* LLC, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012).

In general, "New York courts have cautioned ... that defendants … should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." *Id*. (citing *McKee Elec. Co. v. Rauland–Borg Corp*., 20 N.Y.2d 377, 383, 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967)) (internal quotation marks and additional citation omitted) (emphasis added).

It is well established that "New York's long-arm statute … is narrower than the Due Process Clause" and thus imposes independent statutory obligations for the exercise of personal jurisdiction over a foreign defendant. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co*., 91 F.3d 790, 793 (2d Cir. 1996). Thus, where they do not meet the long-arm statute, cased filed in New York must nonetheless be dismissed even if it has not been shown that "maintenance of the suit

[offends] traditional notions of fair play and substantial justice" under the Federal Constitution. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal citations omitted).

Critically, the New York long-arm statute says nothing of an agreement to consent to jurisdiction in New York as being a premise for exercising jurisdiction over a foreign company who contracts with another, non-New York domiciled person or entity. *See* N.Y. C.P.L.R. § 302. A mere contract signed between Oxysure and Defendants is insufficient to bring specific or general jurisdiction over Oxysure without the statutorily enumerated contacts with New York. *See Aquiline Capital Partners*, 861 F. Supp. 2d at 389. Meanwhile, it is well established that "technicalities of the execution of the contract and the contractual provision that the contract was made in New York and was to be interpreted according to the law of New York cannot change the business realities of the transaction." *S. Mach. Co. v. Mohasco Indus., Inc*., 401 F.2d 374, 381-82 (6th Cir. 1968) (citing *Bach v. Friden Calculating Mach. Co*., 167 F.2d 679 (6th Cir. 1948)) (footnote omitted).

Thus, New York's long-arm statute does not recognize personal jurisdiction arising from contractual relationships absent evidence that "the defendant has transacted any business within the state, [and that] the cause of action arises from [] such business transactions." *See Schneider v. J & C Carpet Co.*, 23 A.D.2d 103, 105, (N.Y. 1st Dept. 1965); N.Y. C.P.L.R. § 302(a)(1). Accordingly, this "Court must decide '(1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action aris[es] from such a business transaction.'" *Newman v. Capitol Life Ins. Co*., 45 F.Supp.3d 376, 378 (S.D.N.Y. 2014) (Rakoff, J.) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (additional internal quotation

marks and citation omitted) (brackets in original)). If the answer to either of these questions is "no," then this Court does not have personal jurisdiction over Oxysure. *Id*.

"To determine whether a party in a contract action has "transacted business" within the meaning of § 302(a)(1), courts consider, among other things, the following factors: (1) whether the contract was negotiated and executed in New York, and whether the defendant visited New York for the purpose of meeting with the parties after the contract had been executed; (2) whether the contract contains a New York choice-of-law clause; (3) whether the contract is to be performed in New York; (4) whether the contract requires notices and payments to be sent to New York; and (5) defendant's physical presence in New York in connection with an ongoing contractual relationship with a New York corporation." *Arista Techs., Inc. v. Arthur D. Little Enters*., 125 F. Supp. 2d 641, 649-650 (E.D.N.Y. 2000) (citations omitted).

Here, Plaintiffs have alleged no jurisdictional facts at all. There is no dispute that the parties' headquarters are in California and Texas.[1] The contract was not consummated in New York, nor performed in New York in any fashion.[2] Moreover, for a company that has "no New York office, no New York mailing address, no New York bank accounts and no employees working in New York" whose in-state contacts are "all sporadic and not carried out from a permanent location in the State or by its agents or employees in the State," there is no personal jurisdiction under New York's long-arm statute. *Cardone v. Jiminy Peak Inc*., 667 N.Y.S.2d 82, 83 (1997). There is thus *zero* relationship between this transaction and New York. *See Arista Techs.,* 125 F. Supp. 2d at 651 (holding that contracts negotiated in California and performed in California would not subject defendant to New York jurisdiction).

---

[1] *See* Declaration of Julian Ross, January 4, 2016. *See also*, Complaint.

[2] *See id.*

No court has held that signing a contract in Texas or California (or anywhere other than New York) is sufficient to treat one as having "done business within the state" for the purposes of the New York long arm statute—in fact, just the opposite is true. *See Mayes v. Leipziger*, 674 F.2d 178, 185 (2d Cir. 1982) ("So far as we are aware, no court has extended s 302(a)(1) to reach a non-domiciliary who never entered New York, who was solicited outside of New York to perform services outside of New York, who performed outside of New York such services as were performed, and who is alleged to have neglected to perform other services outside of New York.") (collecting New York cases); *Pell v. Clarke*, No. 93-cv-332,1994 WL 74075 at *5 (S.D.N.Y. Mar. 9, 1994) (no personal jurisdiction under C.P.L.R. § 302(a)(1) where plaintiff initiated and pressed the business relationship between the parties).

Thus, there is no personal jurisdiction in New York. "[T]he mere execution of a contract [in New York] by a non-domiciliary …with no other contacts … [is not] conclusive as to [personal] jurisdiction." *Electronics Devices, Inc. v. Mark Rogers Associates*, 60 Misc. 2d 322, 325, 303 N.Y.S.2d 158, 162 (City Ct. 1969) *aff'd sub nom. Elec. Devices, Inc. v. Mark Rogers Assoc.*, 63 Misc. 2d 243, 311 N.Y.S.2d 413 (App. Term 1970) (citing *Bundt v. Embro*, 27 A.D.2d 931, 931, 278 N.Y.S.2d 770, 771 [2d Dept 1967] *aff'd sub nom. Bundt v. Wallach's Auto Rental*, Inc., 21 N.Y.2d 1032, 238 N.E.2d 502 [1968])). Even "'where a defendant's contacts with New York consist of telephone calls, [email] transmissions, and correspondence in connection with the negotiation of a contract that has a center of gravity well outside the state,'" the New York long-arm statute is not satisfied. *See Digital Lab Solutions, LLC v. Stickler*, No. 06-cv-6482, 2007 WL 700821 at *3 (S.D.N.Y. Mar. 7, 2007) (quoting *Palace Exploration Co. v. Petroleum Dev.*, 41 F.Supp.2d 427, 434 (S.D.N.Y. 1998)).

While Plaintiffs are sure to refer this Court to decisions holding that venue-selection clauses are enforceable, those have nothing to do with the issue of personal jurisdiction and the two questions should not be conflated or confused. *See Hanson v. Denckla*, 357 U.S. 235, 254 (1958) ("The issue is personal jurisdiction, not choice of law. It is resolved in this case by considering the acts of the trustee. As we have indicated, they are insufficient to sustain the jurisdiction.").

And although a choice of New York law can be a relevant factor to consider in weighing specific jurisdiction—a venue or choice of law clause "…standing alone, 'does not constitute a voluntary submission to personal jurisdiction.'" *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *accord Aquiline Capital Partners LLC*, 861 F. Supp. 2d at 386.

Further weakening Plaintiffs' argument is the permissive nature of the language. Allowing the "Holder" to "waive" the choice of venue and to file anywhere it chose renders the clause permissive, and could not likewise be construed as a blanket submission of Oxysure to personal jurisdiction no matter where that case was elected to be filed. *Accord PowerDsine, Inc. v. Broadcom Corp.,* 2008 U.S. Dist. LEXIS 6907, *11 (E.D.N.Y. Jan. 29, 2008) (holding that permissive venue selection clause was insufficient to confer personal jurisdiction because defendant did not agree to "submit to the jurisdiction of any court").

Thus, the choice of venue clause as the only "contact" is insufficient to confer personal jurisdiction over Oxysure.

### B. Exercising Personal Jurisdiction Over Oxysure Would be Unconstitutional

While the New York Long-Arm statute is not co-extensive with the due process clause, exercising personal jurisdiction here would indeed violate the U.S. Constitution. Due process dictates that personal jurisdiction exists only where there is either general or specific jurisdiction

over Oxysure due to the acts of Oxysure in the forum state. *See Hanson*, 357 U.S. at 254. At minimum, due process requires both that "the defendant on his own initiative … project[] himself into" New York, and that the plaintiff identify a substantial nexus between this voluntary projection and its cause of action. *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 18 (1970). *See also Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 377 (2014) ("[Defendant must] on his [or her] own initiative ... project himself [or herself]' into this state to engage in a 'sustained and substantial transaction of business.") (quoting *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007) (first bracket added, remaining brackets in original)).

It has long been held that "some single or occasional acts" related to the forum may not be sufficient to establish jurisdiction if "their nature and quality and the circumstances of their commission" create only an "attenuated" affiliation with the forum. *See International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). One such attenuated affiliation with the forum is the choice of law/forum selection clause. Courts—include the United States Supreme Court—have stated that a forum selection clause standing alone is insufficient to confer personal jurisdiction without other, substantive contacts. To wit, in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), the Supreme Court held the forum-selection clause "standing alone would be insufficient to confer jurisdiction" without the other substantive acts that "reinforced his deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." *Id.* at 482. *CutCo Indus,* 806 F.2d 361, 366-367*, citing Burger King* held that but-for post-contract performance of contract in New York, no personal jurisdiction would have lay simply from choice of venue/forum clause.

Thus, constitutionally speaking, a forum-selection clause is insufficient to confer personal jurisdiction. Yet, here, that is all that is alleged. None of the parties, the transaction, the

performance or the breaches occurred in New York. Therefore, because a choice of venue clause is not enough, any decision requiring Oxysure to appear in New York would be a violation of due process and therefore, an invalid and unconstitutional exercise of jurisdiction over Oxysure.

    C. **The Forum Selection Clause is Unenforceable**

Dismissal is also proper because the only contact is the forum selection clause, and that clause is unenforceable. The complaint itself alleged that the forum-selection clause reads as follows:

> ANY ACTION BROUGHT CONCERNING THE TRANSACTIONS CONTEMPLATED BY THIS WARRANT SHALL BE BROUGHT ONLY IN THE STATE OF COURTS OF NEW YORK OR IN THE FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK; PROVIDED, HOWEVER, THAT THE HOLDER MAY CHOOSE TO WAIVE THIS PROVISION AND BRING AN ACTION OUTSIDE THE STATE OF NEW YORK.[3]

The last clause renders the entire clause permissive and unenforceable.

*First*, it has long been held that where one party is permitted to select any court it chooses and there has been no submission to a particular jurisdiction, then the entire clause is rendered permissive, and the non-filing party is not bound thereby. *See, e.g. Congress Fin. Corp. v. Bortnick,* No. 00 Civ. 6361, 2000 U.S. Dist. LEXIS 15750, 2000 WL 1634248, at *1 (S.D.N.Y. Oct. 31, 2000) (declining to enforce forum selection clause that did not specify that plaintiff could force defendants to submit to its choice of forum); *PowerDsine, Inc.,* 2008 U.S. Dist. LEXIS 6907, *10 (holding that lack of submission by the defendant to any jurisdiction selected by plaintiff rendered clause unenforceable). The fact that the clause here is augmented by a waiver of otherwise mandatory language cannot change the analysis. *See id.; compare AGR Fin., L.L.C.*

---

[3] *See* Complaint, ¶ 4.

*v. Ready Staffing, Inc.,* 99 F.Supp.2d 399, 402 (S.D.N.Y. 2000) (holding that express provision that defendant agreed to submit to the forum and jurisdiction of any forum selected by plaintiff did not render provision unenforceable). Read as a whole, as it must, the clause does not bind Oxysure.

***Second***, the fact that clause unilaterally allows one party to waive and change the forum without notice renders it facially illusory and substantively unfair, and thus, unenforceable. *See In re Zappos.com, Inc.* Customer Data Sec. Breach Litig., 893 F. Supp. 2d 1058, 1065 (D. Nev. 2012) (ability to unilaterally waive provision renders promise to arbitrate illusory and thus unenforceable); *Grosvenor v. Qwest Corp.*, 854 F. Supp. 2d 1021, 1033-34 (D. Colo. 2012) (same); *See Wagman v. Chater,* No. 94 Civ. 7243 (DC), 1996 U.S. Dist. LEXIS 5753, at *4 (S.D.N.Y. May 1, 1996) (noting that, under New York law, an agreement that is illusory is not enforceable). While some cases have held that a notice requirement may save a unilateral provision from this fate, *see, e.g., Bassett v. Elec. Arts, Inc.,* 93 F. Supp. 3d 95, 108 (E.D.N.Y. 2015), this particular provision contains no notice requirement.

Therefore, the forum-selection clause is, at best, dubiously enforceable. The fact that it allows the Plaintiffs to waive venue means that Oxysure has not agreed to have New York govern its contract litigation, and thus, there is no reason why New York would have jurisdiction over this case just because of the choice of venue clause.

### D. Without Jurisdiction This Court Must Dismiss this Suit

Absent a showing that this Court has personal jurisdiction over Oxysure under the New York long-arm statute, this Court is obligated to dismiss this suit under Federal Rule of Civil Procedure 12(b)(2).

### III.

### ALTERNATE MOTION TO DISMISS OR STAY IN FAVOR OF FIRST-FILED CASE

#### A. This Court Should Yield to the First-Filed Case's Determination of Venue

Plaintiffs in this case are defendants in the Texas-filed action.[4] The Texas filed action was filed on December 2, 2015,[5] while this action was filed a week later. Indeed, Plaintiffs in this action have already raised the issue of venue before the Texas court and that matter will briefed before this Court's decision thereon.[6]

That the first-filed case should govern the proceedings is an uncontroversial proposition in this circuit. *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F. Supp. 1317, 1320 (S.D.N.Y. 1982) ("the accepted rule in this Circuit is that the forum where an action is filed first is accorded priority over subsequent actions arising out of the facts giving rise to the first filed action."). The first-filed rule "requires the second filed New York action to be dismissed in favor of the first-filed action." *J. Lyons & Co. v. Republic of Tea*, 892 F. Supp. 486, 490-91 (S.D.N.Y. 1995).

Courts in this circuit hold that the second filed case should be dismissed while the first-filed court entertains motions about whether to dismiss or transfer the first-filed suit. *See Donaldson,* 542 F. Supp. at 1320 (dismissing second-filed action without prejudice because court of first-filing should determine whether to dismiss or transfer first-filed action); *see also Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974) ("where an action is brought in one federal

---

[4] *See Oxysure Systems, Inc. v. Gemini Capital LLC et al.*, Cause No. 2015-cv-00821, Eastern District of Texas; Docket Nos. 1-3.

[5] *See Oxysure Systems, Inc. v. Gemini Capital LLC et al.*, Cause No. 2015-cv-00821, Eastern District of Texas; Docket Nos. 1-3.

[6] *See Oxysure Systems, Inc. v. Gemini Capital LLC et al.*, Cause No. 2015-cv-00821, Eastern District of Texas; Docket No. 5.

district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action.") (citations omitted). The rationale is one of comity and judicial efficiency. *See id.* While the first-filed rule can be mitigated by showing that the first-filed case is merely a sham meant to secure venue in another jurisdiction, the allegations in the Texas case show that that is plainly not the case here.

Thus, while the action in Texas is proceeding, this Court should dismiss this case awaiting the Texas decision on venue.

### B. The Texas Action is Logically and Legally Antecedent to the New York Action and Should Thus Be Allowed to Proceed First

The Texas claims seek rescission of the contract due to fraud in the inducement and lack of a meeting of the minds and, and a declaration of its unenforceability—and thus do not depend on the construction or enforcement of the contract. If the Texas action goes forward successfully for Oxysure, then it will render the entirety of these proceedings moot because there will be no contract to enforce.

Furthermore, there is little chance that the Texas claims fall under the forum selection clause invoked here and there, because they are antecedent to the contract issues. The action in Texas seeks rescission of the transactions and the agreements and seeks to declare the unenforceability on various grounds. Thus, as several courts have held, such actions are *not* subject to the choice of forum clause. *See Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.,* 572 F.3d 86, 91 (2d Cir. 2009) (holding that tortious claims that predate contract formation do not invoke the contract's choice of forum or venue clauses); *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 389 (2d Cir. 2007). Where causes of action do not "depend on the construction of an agreement," then they do not fall under a forum-selection

clause. *See Phillips,* 494 F.3d at 389 (holding that unlike arbitration clauses, forum selection clauses must be construed literally, not expansively because "the absence of a congressional policy on forum clauses prompting us to err on the side of coverage is significant") (citing and distinguishing in part *Omron Healthcare, Inc. v. Maclaren Exps. Ltd.*, 28 F.3d 600, 603 (7th Cir. 1994)).

### C. This Court Should Dismiss this Action in Favor of the Texas Action, or Stay this Action Pending Resolution of the Texas Action

Given the foregoing, this Court should dismiss the action before it in favor of the Texas Action. *Donaldson*, 542 F. Supp. at 1320. In the event that the Texas Court keeps the case, then this Court will not have wasted its time on duplicative efforts. If the Texas transfers the case to the Southern District of New York, then that case will proceed here and the claims in this case would, presumably, be brought as counterclaims.

Alternatively, this Court could simply stay this case pending the outcome of the Texas action (be it dismissal, transfer or judgment), as any one of those will impact these proceedings materially. *British Telecommunications plc v. McDonnell Douglas Corp.,* 1993 U.S. Dist. LEXIS 6345, *11 (N.D. Cal. May 3, 1993) (staying second-filed action pending before it to allow court of first-filing "to proceed without fear of a conflicting order"); *Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) (observing that as first-filed court, it would determine venue and noting that second-filed court in New Jersey had abated pending the decision).

Either way, this Court should accord due deference to the Texas Action.

Respectfully submitted this 4th day of January, 2016.

STECKLER LLP

*/s Mazin A. Sbaiti*
**Mazin A. Sbaiti, Esq.**
State Bar No. 4339057
12720 Hillcrest Rd.
Suite 1045
Dallas, Texas 75230
T: (972) 387-4040
F: (972) 387-4041
Mazin@Stecklerlaw.com
*Counsel for the Defendant*

# CERTIFICATE OF SERVICE

This is to certify that on the 4th day of January, 2016, a true and correct copy of the above and foregoing instrument was served via electronic service and/or First Class mail, upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Thomas J. Fleming
Nicholas S. Hirst
Park Avenue Tower
65 East 55th Street
New York, NY 10022

*/s Mazin A. Sbaiti*
Mazin A. Sbaiti, Esq.