## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **GEMINI MASTER FUND, LTD and** | § | |
| **BLACK MOUNTAIN EQUITIES, INC.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Case No. 15-CIV-9546 (AT)** |
| | § | |
| **OXYSURE SYSTEMS, INC. (aka** | § | |
| **OXYSURE THERAPEUTICS, INC.),** | § | |
| | § | |
| *Defendant.* | § | |

## EMERGENCY MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY CONSIDERATION OF THE PRELIMINARY INJUNCTION UNTIL AFTER PROPER VENUE IS DETERMINED

Defendant Oxysure Systems, Inc. respectfully moves this Court for relief from the pending Motion for Preliminary Injunction and would respectfully show this Court:

***First,*** this case is the *second*-filed case, and currently pending is a motion to dismiss for lack of jurisdiction and in favor of the first-filed case in the Eastern District of Texas.[1] Thus, this Motion was brought in the wrong place—it should have been brought in the Eastern District of Texas, if at all.[2] This matter should thus be dismissed pending the jurisdiction and venue determination by Judge Amos Mazzant in the Eastern District of Texas.

---

[1] *See Gemini Master Fund, Ltd. et al v. Oxysure Systems, Inc.* Case 1:15-cv-09546-AT, SDNY, Docket Nos. 16-17. The "Texas Matter" is Oxysure Therapeutics, Inc. v. Gemini Master Fund, Ltd. et al., Cause No. 4:15-cv-00821-ALM-CAN, and is proceeding before Judge Amos Mazzant.

[2] The first-filed rule "requires the second filed New York action to be dismissed in favor of the first-filed action." *J. Lyons & Co. v. Republic of Tea*, 892 F. Supp. 486, 490-91 (S.D.N.Y. 1995). *See also Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974) ("where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action.") (citations omitted).

**_Second_**, there has been inadequate notice under Rule 65.[3] This notice requirement has constitutional due process dimensions.[4] "The notice required by Rule 65 (a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."[5] Rule 65(a)(1)'s notice requirement "has been construed to require the district court to 'allow [the adverse] party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction,' i.e., the adverse party must be afforded a 'fair opportunity' to oppose the preliminary injunction."[6] The failure to give a party opposing the motion for preliminary injunction fair and adequate notice and a _meaningful_ opportunity to respond is reversible error.[7] Here, Neither Mr. Ross at Oxysure nor Oxysure's undersigned Counsel was served the motion until January 4, 2016.[8] Meanwhile, the Court's December 18, 2015 briefing schedule was never served upon Oxysure.[9] Notably, Oxysure was not served the Complaint until December 19th, and had not yet even answered or made an appearance before January 4, 2016.[10] Undersigned requested an extension from Plaintiffs' counsel but was ignored.[11] There can be no doubt that the three days Oxysure has been given to put together its response is patently unfair and is hardly enough time to "marshal its evidence and present its

---

[3] Fed. R. Civ. P. 65(a)(1) provides for Preliminary Injunctions: "Notice. The court may issue a preliminary injunction only on notice to the adverse party."

[4] _Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70_, 415 U.S. 423, 434 (1974).

[5] _Id_. at n.7.

[6] _Garcia v. Yonkers Sch. Dist._, 561 F.3d 97, 105 (2d Cir. 2009) (quoting Rosen v. Siegel, 106 F.3d 28, 31 (2d Cir. 1997)). _See also Granny Goose_, 415 U.S. at 434 (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949, at pp. 468).

[7] _See Garcia_, 561 F.3d at 105.

[8] _See_ Decl. of Julian Ross, January 7, 2016.

[9] _See id._ Both Mr. Ross and undersigned counsel had been on Christmas vacation until January 3, 2016.

[10] _See id._

[11] _See_ Certificate of Conference.

---

arguments against the issuance of the injunction."[12] This insufficient notice violates Rule 65(a)(1) and justifies the extension on its own.[13]

**_Third_**, Plaintiffs have failed to give adequate notice to all "adverse parties" as required under Rule 65. Rule 65(a)(1) requires that notice be given to all adverse parties in the lawsuit— that means all affected parties whether they have been named or not.[14] Here, Oxysure's shareholders and stakeholders who would be substantially injured by this level of dilution and the potential impact it could have on Oxysure's share price.[15]

**_Fourth_**, this is not an application for a temporary restraining order. Thus, the haste is puzzling and appears to be little more than gamesmanship. Defendants did not move for a TRO and indeed, have dallied for the past several months which suggests that not only is there no irreparable injury, what injury there is tenuous and not imminent. Plaintiffs failed to identify any immediate irreparable injury that would entitle them to a preliminary injunction in any event, much that would require a hasty entry of a preliminary injunction.

**_Finally_**, Oxysure deserves the chance to demonstrate to the court why this is not a cut-and-dry issue like Plaintiffs suggest. In addition to the fact that Plaintiffs' putative "warrant" instruments are anything but clear, their motion completely misleads the Court into believing this

---

[12] *Accord Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989) (in complex antitrust action requiring precise presentation of "numerous facts," finding that two-days' notice and oral presentations limited to thirty minutes "can hardly be said to constitute a meaningful opportunity to oppose appellees' motion for preliminary injunction"); *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 355-56 (5th Cir. 1971) (holding that one week is insufficient time to prepare for opposition to preliminary injunction).

[13] *Id.; Garcia*, 561 F.3d at 105.

[14] *See Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir. 1992) ("When dealing with a preliminary injunction, the 'adverse party' means the party adversely affected by the injunction, not the opponent in the underlying action.").

[15] The extent of dilution to the market and injury to Oxysure's existing shareholders and stakeholders would be far reaching if this Temporary Injunction is granted. *See* Decl. of Julian Ross, January 7, 2016. Plaintiffs have admitted that Oxysure's other shareholders could be impacted by filing of Reg. 13D-G disclosures with the Securities Exchange Commission, informing the market that they deem themselves the beneficial holders of more than 5% (closer to 10%) of Oxysure's outstanding shares—a material event. *See* 17 CFR 240.13d-101.

---

dispute is over whether Oxysure should issue shares or not. It is not—it is over whether the two warrants which were originally supposed to allow Plaintiffs to *purchase* some 600,000 shares at $.90 per share can now be exercised though legal sorcery to get them over *six-million* shares *without having to pay a dime!* None of the language cited in the Complaint or the Motion allows them to do that.[16] The transaction documents are ambiguous, and are subject to a host of factual considerations regarding their construction, as well as a host of additional considerations regarding Oxysure's right to rescind the transaction *nunc-pro-tunc*.[17]

   **_Finally_**, as will be shown in our full-response, Plaintiffs have not demonstrated immediate irreparable harm, but Oxysure and its shareholder most certainly would be. They have likewise not demonstrated irreparable harm because they have not shown how the non-delivery of shares in a publicly traded company harms them. The cases they cite were for closely held companies that were on the verge of insolvency. But that is not Oxysure. Plaintiffs improperly conflate "questions that Oxysure will continue as a going concern" with "insolvency" and with "inability

---

[16] Consider the provision cited on Page 3 of the Motion which reads: "the Exercise Price shall be reduced to such lower Dilutive Issuance price and the number of Warrant Shares issuable shall be increased such the Aggregate Exercise Price Payable hereunder, after taking into account the decrease in the Exercise Price, shall be equal to the Aggregate Exercise Price Prior to such adjustment." What does this obtuse language mean? Plaintiffs cite two declarations to attempt to convince the Court that it means that Defendants are allowed to avoid paying any money for the shares. But how?

[17] *See* Oxysure's Complaint in the Texas Action, attached. All of the grounds sought by Oxysure to rescind the warrant transaction raise questions of *fact*. *See GoSmile, Inc. v. Levine*, 81 A.D.3d 77, 81-82 (1st Dep't 2010) (rescission may be based upon bad faith intent to deceive); *Babylon Assocs. v. County of Suffolk*, 101 A.D.2d 207, 215 (2d Dep't 1984) (where rescission is based upon breach of good faith duty or other allegd breaches, "the breach must be 'material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract.'"); *Shults v. Geary*, 241 A.D.2d 850, 852 (3d Dep't 1997) (lack of meeting of the minds grounds for rescission); *Albany Discount Corp. v. Basile*, 32 A.D.2d 723, 724 (3d Dep't 1969) (even unilateral mistake can equitably be grounds for rescission); *Lauer v. Raymond*, 190 A.D. 319, 320 (N.Y. App. Div. 1920) ("The right of rescission is not confined to cases where the injured party has been induced to contract through false and fraudulent representations. A contract may be rescinded by reason of a breach of a condition.")); *Kolodin v Valenti*, 115 A.D.3d 197, 200 (N.Y. App. Div. 1st Dep't 2014) (impossibility of performance justifies rescission of the contract where impossibility is due to unforeseen changes). Where the issues justifying rescission of a stock purchase agreement are outside the contract itself, it raises questions of fact for the jury. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 895 (2d Cir. 1976) ("We hold … that the intent of the parties was too ambiguous to be totally gleaned from only the contract, and that the District Court should have received evidence on the question [of rescission].").

---

to pay *any* judgment at any time." It is utterly disingenuous for Plaintiffs to take the position they do given that Oxysure is required to make the "Going Concern" disclosure by law in its quarterly filings—and that same Going Concern disclaimer was present in every quarterly filing dating back *years* before Plaintiffs bought their warrants.[18] Thus, for them to say that this is an alarming disclosure is patently in bad faith.

Accordingly, Oxysure respectfully requests that this Court dismiss the action and this Motion, or in the alternative, stay them pending the decision on the Motion to Dismiss and the venue question.

Respectfully submitted this 7th day of January, 2016.

**STECKLER LLP**

*/s Mazin A. Sbaiti*
_____
**Mazin A. Sbaiti, Esq.**
State Bar No. 4339057
12720 Hillcrest Rd.
Suite 1045
Dallas, Texas 75230
T: (972) 387-4040
F: (972) 387-4041
Mazin@Stecklerlaw.com
***Counsel for the Defendant***

---

[18] The disclosure Plaintiffs cite is required to be made by an auditor or management where, for example, the company is not yet making a profit and relies heavily on financing to meet its obligations in the next year. One can see the FASB disclosure on "doubts" about going concern here: http://www.fasb.org/resources/ccurl/599/128/ASU%202014-15.pdf (last visited July 14, 2015).

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that on the 7th day of January, 2016, a true and correct copy of the above and foregoing instrument was served via electronic service and/or First Class mail, upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

       Thomas J. Fleming
       Nicholas S. Hirst
       Park Avenue Tower
       65 East 55th Street
       New York, NY 10022


                                      */s Mazin A. Sbaiti*
                                      Mazin A. Sbaiti, Esq.